UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VEOLIA NORTH AMERICA, LLC** § | | **CIVIL ACTION NO. 4:22-CV-3752** |
| § | | |
| *Plaintiff*, § | | |
| § | | **JUDGE:** |
| **VERSUS** § | | |
| § | | **MAGISTRATE:** |
| **ROBERT LEONARD WHEATLEY** § | | |
| § | | |
| *Defendant.* | | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, OR ALTERNATIVELY, FOR RETURN OF MONEY PAID IN SUPPORT OF RESTRICTIVE COVENANTS**

**NOW INTO COURT**, through undersigned counsel, comes Veolia North America, LLC ("VNA") and asserts this Complaint against its former employee, Robert Leonard Wheatley ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.

This is a civil action for injunctive relief to enjoin Defendant from working in competition against VNA while employed by a subsequent employer in violation of his VNA Separation Agreement. In the alternative, this is an action for monetary contract damages, as expressly provided in the Separation Agreement, to the extent the Separation Agreement is held to be unenforceable for any alleged inadequacy of consideration.

#100704425v10                               1

**THE PARTIES**

2.

VNA is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Boston, Massachusetts.

3.

Defendant is an individual of the full age of majority who is domiciled in the State of Texas, living in Spring, Texas.

**JURISDICTION AND VENUE**

4.

Jurisdiction is proper under 28 USC 1332 as there exists diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.

Venue is proper in this judicial district because VNA employed Defendant in Houston, Texas, his Separation Agreement was entered into in this district, and Defendant is currently working for a competitor of VNA in this district in violation of the Separation Agreement.

**FACTUAL BACKGROUND**

6.

VNA is the leader in optimized resource management. It designs and provides water, waste and energy management solutions which contribute to the sustainable development of communities and industries. VNA helps to develop access to resources, preserve available resources, and to replenish them.

7.

VNA hired Defendant under an Employment Agreement on January 9, 2017 to work as Senior Vice President of Environmental Solutions and Services ("ESS") National Sales. Defendant

supported a business that generated $800 million of revenue across the United States. Defendant's VNA home office was located in Houston, Texas. (Exhibit A, Employment Agreement).

8.

Defendant's Employment Agreement contained a non-competition covenant, among other restrictive covenants, prohibiting him from working for another employer in competition with VNA for 12 months following his separation from VNA employment.

9.

Defendant notified VNA that he was resigning from his employment. The termination of his employment was effective on April 8, 2022.

10.

VNA and Defendant entered into the Separation Agreement and General Release on April 8, 2022. Among other things, the Separation Agreement requires that VNA pay to Defendant the total gross separation amount of $418,287.27 in consideration for the promises therein. More specifically, the Separation Agreement requires that the gross separation amount shall be paid to Defendant in a series of 26 equal installments of $16,087.97, less ordinary tax withholdings and all required deductions. (Exhibit B, Separation Agreement).

11.

In paragraph 12 of the Separation Agreement, Defendant "acknowledges that he agreed to restrictions on his ability to work for a competitor in paragraph 11 of the employment agreement." In that paragraph Defendant VNA further agreed to modify the existing non-competition restrictions as follows:

> 12: <u>Non-competition</u>. Employee acknowledges that he agreed to restrictions on his ability to work for a competitor in paragraph 11 of the Employment Agreement. Employee and the Company agree to modify those restrictions as follows: Employee agrees that for a period of twelve (12) months following Employee's

April 8, 2022 separation from employment with the Company and throughout the Separation Transition Period, Employee will not, directly or indirectly, anywhere in the Restricted Area, offer, provide, or supervise the provision of products or services which are the same or substantially similar to and competitive with the products or services that Employee supervised the provision of on behalf of the Company in the two (2) years prior to Employee's separation from employment with the Company, to or on behalf of any business or entity that, as its primary activity: (a) industrial water/wastewater solution; (b) operations and development; (c) KOH processing; (d) municipal water/wastewater operations and maintenance partnerships; (e) recycling, disposal, hazardous & and medical waste; (f) high-value sulfur derivatives; and (g) energy facility management and plant operations and maintenance. Without limitation to the foregoing, Employee agrees that the following businesses offer such products and service and are therefore expressly include in the covenant not to compete. "Restricted Area" means: (i) anywhere within a 75-mile radius of Employee's primary office location at the time his employment ended; and (ii) anywhere within a 75-mile radius of a Company facility to which Employee provided management or supervision services for the Company during the twelve month period immediately preceding the date of Employee's separation from employment.

12.

Within one year of April 8, 2022, Defendant became employed by VLS Environmental Solutions LLC ("VLS"). Defendant is working for VLS in violation of the non-competition covenant of his Separation Agreement. In his position at VLS, Defendant will support a business which develops the brokerage of hazardous and nonhazardous waste and similar services, which will be direct competition with VNA's ESS business within a geographic territory restricted by the Separation Agreement. Defendant is working for VLS within a 75-mile radius of where Defendant worked while employed by VNA.

13.

Under the terms of his Separation Agreement, VNA has paid Defendant $209,143.61 as consideration in support of the non-competition covenant contained in his Separation Agreement.

14.

Paragraph 13 of the Separation Agreement allows VNA, as a remedy for violation of the restrictive covenants, to "discontinue any unpaid installments of separation pay that otherwise would be due under this Agreement."

15.

Because Defendant violated the Separation Agreement by his employment with VNA's competitor VLS, VNA terminated the prospective payments to him under the Separation Agreement as of October 14, 2022.

16.

VNA has been damaged by Defendant's breach, and will be damaged by Defendant's continuing breach of the Separation Agreement. More specifically, the continued breach of the non-compete clause will result in VNA facing a significant risk of losing customers, losing goodwill, and incurring monetary damages, while Defendant has the ability to pursue other employment opportunities in the industry that do not violate the non-competition clause.

17.

It is in the public interest to uphold contracts such as this Separation Agreement and to enforce this injunctive relief as a remedy to which the parties have expressly agreed and that is provided by Texas law.

**RELIEF SOUGHT**

**Violation of the Employment Agreement and/or Separation Agreement**

18.

VNA repeats and re-alleges each and every allegation made in the previous paragraphs as if fully rewritten herein.

19.

By signing his Employment Agreement on January 9, 2017, and/or by signing the Separation Agreement on April 8, 2022, Defendant became contractually bound to comply with the terms and mutual promises contained therein, including the prohibition on subsequent employment in competition with VNA.

20.

Defendant's employment with VLS is in competition with VNA in the field of environmental resource management in Harris County, Texas and is a violation of his Separation Agreement.

21.

As a remedy for Defendant's violation of the Separation Agreement, paragraph 13 of that Agreement expressly authorizes VNA to "file an action against [Defendant] in any federal or state court of lawful jurisdiction seeking performance and temporary and/or preliminary injunctive relief, enjoining or restraining such breach, and [Defendant] consents to the issuance of such injunctive relief without bond."  Also in paragraph 13, Defendant acknowledged that a breach of any of the restrictive covenants set forth in paragraphs 10-12 of the Separation Agreement "will cause immediate and irreparable injury to [VNA] for which there is no adequate remedy at law."

22.

Accordingly, by Defendant's violation of his non-competition covenant, VNA is entitled to a temporary injunction immediately, prohibiting Defendant from working for a period of time to be set by the Court within its equitable jurisdiction. Thereafter, VNA is entitled to a preliminary injunction, and then a permanent injunction, prohibiting him from working for VLS in competition

with VNA through April 1, 2023, which is the end of the 12-months of post VNA employment restricted by the Agreements.

23.

The Separation Agreement does state that it supersedes the Employment Agreement. But, in paragraphs 10, 11, 12 and 13 of the Separation Agreement, the parties acknowledge the restrictive covenants of the Employment Agreement expressly incorporating the terms and conditions of the Employment Agreement by reference.  As consideration for the restrictive covenants, the Employment Agreement gave Defendant access to VNA's confidential and proprietary information, thus constituting consideration for the non-competition covenant of the Employment Agreement, which is incorporated into the Separation Agreement.

24.

The Separation Agreement contains a reasonable geographic territory set forth in paragraph 12.  However, to the extent the Employment Agreement's geographic territory of the United States is held to be overbroad, VNA hereby requests the Court to reform the Agreement within its equitable jurisdiction to make it conform to a reasonable territory where Defendant performed work while employed by VNA.

**ALTERNATIVE PLEADING**

25.

In the event there is a ruling or judgment adverse to VNA denying its request for injunctive relief on the basis that the Separation Agreement is not enforceable, then in the alternative, VNA is entitled to recover Separation Payments made to Defendant, the total amount of $209,143.61 as provided in paragraph 18 of the Separation Agreement. That paragraph reads as follows:

> 18. <u>Severability</u>. It is understood and agreed that the provisions of this Agreement shall be deemed severable, and the invalidity or enforceability of any one or more of the provisions shall not affect the validity and enforceability of the other

provisions; provided that, if Employee challenges the enforceability of paragraphs 10, 11 or 12, or if a Court or arbitrator finds that they are unenforceable, Employee will not be entitled to receive or retain the consideration set forth in paragraph 1 of this Agreement.

## ATTORNEY'S FEES

26.

Pursuant to paragraph 13 of the Separation Agreement, VNA is entitled to recover its attorney's fees and costs incurred in connection with this litigation.

## JURY DEMAND

VNA hereby demands a jury trial on all issues triable to a jury.

## PRAYER

**WHEREFORE**, the premises considered, the Petitioner, Veolia North America, LLC prays that this, its Complaint against Defendant Robert Leonard Wheatley, be deemed good and sufficient, and that after due proceedings, there be judgment in its favor, and against Defendant, in the following respects:

1. A temporary restraining order be issued enjoining Defendant from competing against VNA for a period to be determined by the Court;

2. That a preliminary injunction and permanent injunction be issued against Defendant enjoining Defendant from competing against VNA through April 8, 2023;

3. In the alternative, that Defendant be ordered to repay VNA the amount he has received in separation pay, $209,143.61; and

4. That the court order Defendant to pay VNA's attorney's fees and costs incurred in bringing this litigation.


Respectfully submitted,

**JONES WALKER LLP**

*/s/      Lara D. Pringle*
Lara D. Pringle
Texas Bar No.: 24056164
Email: lpringle@joneswalker.com
811 Main St., Suite 2900
Houston, TX 77002
Telephone: 713.437.1800
Facsimile:  713.437.1810

Tracy E. Kern
Southern District Texas Bar No. 748867
Email: tkern@joneswalker.com
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-8134
Facsimile:  (504) 589-8134

Robert B. Worley, Jr.
Texas Bar No. 24038345
Email: rworley@joneswalker.com
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-8313
Facsimile:  (504) 589-8313

***Attorneys for Plaintiff Veolia North America, LLC***

## VERIFICATION

I, Robert Cappadona, on behalf of the Plaintiff, Veolia North America, LLC, hereby declare under the penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing allegations contained in the Verified Complaint for Injunctive Relief, or Alternatively, for Return of Money Paid in Support of Restrictive Covenants, are true and correct to the best of my knowledge, information and belief.

Date: October 28th, 2022

Signature: *Robert E. Cappadona*
Robert E. Cappadona (Oct 28, 2022 09:11 PDT)

Title: President

#100729389v1